# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| TERESA HALEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. |
| ) | |
| SAVINO DEL BENE U.S.A., INC., ) | |
| Serve: Registered Agent ) | |
|     United Corporate Services, Inc. ) | |
|     915 Southwest Blvd., Suite N ) | |
|     Jefferson City, MO, 65109 ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff Teresa Haley ("Teresa" or "Plaintiff"), for her Complaint against Defendant Savino Del Bene U.S.A., Inc. ("Savino" or "Defendant"), states as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff is an individual residing in Missouri.

2. Defendant is a foreign corporation with its principal office or corporate headquarters located in New Jersey. It does business in the State of Missouri and can be served through its Registered Agent, United Corporate Services, Inc., at 915 Southwest Boulevard, Suite N, Jefferson City, Missouri, 65109.

3. The Court has jurisdiction over this action, which includes a claim arising under the Age Discrimination in Employment Act (29 U.S.C. § 621, *et seq.*) (the "ADEA"), pursuant to 28 U.S.C. § 1332.

4. The Court has jurisdiction over Plaintiff's breach of contract claim pursuant to 28 U.S.C. § 1367.

1

5. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because the events or omissions giving rise to the subject matter of this action occurred in Missouri.

## FACTUAL BACKGROUND

6. Plaintiff, who was born in 1948, began working with Savino in 2018 after it purchased the company, Held & Associates, that she had worked at for years.

7. She loved her job and the contact with Savino's customers, many of whom she had known and serviced for decades.

8. On Friday, April 3, 2020, Defendant told Plaintiff that it was separating her from her position.

9. Defendant provided Plaintiff with a number of reasons for the termination, ranging from her performance and productivity, on the one hand, to the Covid-19 pandemic, on the other hand.

10. During the conversation on April 3rd, Defendant's Chief Financial Officer, Raffaele Brazzini, even advised Plaintiff that the termination had nothing to do with her performance and that her position was simply being eliminated.

11. During that conversation, Plaintiff challenged Brazzini and told him that she was the company's senior employee.

12. Brazzini did not deny that the termination (or position elimination) had to do with Plaintiff's age, and instead, simply demanded that Teresa "not go there," a phrase that he repeated many times on the call.

13. Later that day, Plaintiff's access to Defendant's computer system was shut off.

14. On Saturday, April 4th, Plaintiff received a severance agreement from the company.

15. The severance agreement contained a purported waiver of any age discrimination claims that Plaintiff might have had against the company, which meant that Plaintiff should have been given at least 21 days to review the agreement.

16. Despite the 21-day requirement, however, Defendant demanded that Plaintiff return the agreement on or before Monday, April 6th, at 12:00 p.m. EST.

17. The severance agreement also explained that her employment was being terminated effective April 3, 2020.

18. Despite the severance agreement's statements, Plaintiff then received an email from Defendant advising that she would remain an "active" employee until Monday, April 6th, at 12:00 p.m. EST.

19. On Monday, April 6th, Plaintiff then received an email indicating that she was not fired and that she was simply being furloughed by the company as a "non-essential" employee.

20. She was then, however, advised that, in fact, she was being terminated.

21. *Charge of Discrimination.* On or about July 27, 2020, Plaintiff filed a Charge of Discrimination against Savino with the EEOC alleging concerning its age discrimination against her.

22. On or about March 11, 2021, the EEOC issued a Notice of Right to Sue to Plaintiff in connection with her Charge of Discrimination.

## COUNT I – AGE DISCRIMINATION (ADEA)

23. Plaintiff incorporates the allegations set forth above in paragraphs 1 through 22 as if fully set forth herein.

24. Plaintiff is an "employer" under the ADEA, and Plaintiff is an "employee" under the ADEA.

3

25. Plaintiff was 71 years old when Defendant terminated her employment.

26. Though it offered her an array of excuses for her termination, Defendant terminated Plaintiff's employment precisely because of her age and because of the fact that she had discussed going part-time at the end of 2020 with Defendant's owners.

27. Savino's conduct in this regard caused Plaintiff damages.

WHEREFORE, Plaintiff Teresa Haley respectfully requests judgment against Defendant Savino Del Bene U.S.A., Inc. for her lost wages and benefits, liquidated damages, for any other damages available to her under the ADEA, and for her reasonable attorneys' fees, costs, and expenses.

## COUNT II – BREACH OF CONTRACT

28. Plaintiff incorporates the allegations set forth above in paragraphs 1 through 27 as if fully set forth herein.

29. During her employment, Plaintiff drove a 2016 Acura MDX that her prior employer, Held & Associates, had purchased for her to drive for her work with the company.

30. After Savino purchased Held & Associates in 2018, Plaintiff and Defendant agreed that Plaintiff could keep the vehicle when her employment with Defendant ended, provided that Plaintiff was successful in convincing several customers to return to Savino as customers.

31. Plaintiff was successful in convincing the above-referenced customers to return to Savino as customers.

32. Despite her success in this regard, Defendant did not permit her to keep the 2016 Acura MDX when it terminated her employment in April 2020, and instead, demanded that she return the vehicle.

33. Defendant has, therefore, breached its agreement with Plaintiff, thereby causing her damage.

WHEREFORE, Plaintiff Teresa Haley respectfully requests judgment against Savino Del Bene U.S.A., Inc. for damages in an amount to be proven at trial and for other relief as the Court deems just and proper in the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury for the foregoing causes of action.

## DESIGNATION OF PLACE OF TRIAL

Plaintiffs hereby request the trial be held in Kansas City, Missouri.

## CIVIL COVER SHEET

Attached as **Exhibit A** is a copy of the Civil Cover Sheet.

**HKM EMPLOYMENT ATTORNEYS LLP**

By: */s/ Brad K. Thoenen*
Brad K. Thoenen, MO 59778
bthoenen@hkm.com
John J. Ziegelmeyer III, MO 59042
jziegelmeyer@hkm.com
1501 Westport Road
Kansas City, Missouri 64111
816.875.9339

ATTORNEYS FOR PLAINTIFF